1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7 | DS HOUSING CCCRR-01, LP,

Plaintiff,

8

9 | v.

10 | JESSY EXUM,

Defendant.

11

Case No. 24-cv-02552-TLT

**ORDER GRANTING MOTION TO REMAND: SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO, NO. CUD24673910**

ECF  13

12

13

14

15

Before the Court is the Application by Plaintiff DS HOUSING CCCRR-01, LP, for an Order Remanding Action or Shortening Time For Hearing on Motion to Remand Action to State Court filed May 3, 2024. (ECF 13) Plaintiff has also scheduled a Motion to Remand this Action set for hearing on July 16, 2024. (ECF 12)

16

17

18

As noted in Defendant's May 7, 2024, Opposition (ECF 14), Plaintiff's Application is procedurally and substantively defective. Plaintiff's Application is therefore denied, without prejudice, as to the substantive Motion to Remand.

19

The hearing scheduled for **July 16, 2024 is hereby vacated.**

20

21

For the reasons noted below, the Court *sua sponte* **REMANDS** this action to state court for lack of subject matter jurisdiction.

22

**I.    BACKGROUND**

23

24

25

26

The action before the Court is for an unlawful detainer based on non-payment of rent. Defendant's removal was close to *two months* after Plaintiff served the Defendant with the complaint.  More importantly, the Notice for Removal was filed on April 29, 2024, four court days prior to the scheduled trial set for Monday, May 6, 2024.

27

Finally, the amount of the controversy ranges from $3,506.56 to $4,223.23, absent costs

28

United States District Court
Northern District of California

1  and attorney fees.

2  **II.    LEGAL STANDARD**

3      "Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of*

4  *Am.*, 511 U.S. 375, 377 (1994).  "Subject matter jurisdiction 'can never be forfeited or waived'

5  and federal courts have a continuing 'independent obligation to determine whether subject-matter

6  jurisdiction exists.'"  *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975, n.12

7  (9th Cir. 2012) (internal citations omitted).  "The objection that a federal court lacks subject-

8  matter jurisdiction, *see* Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its

9  own initiative, at any stage in the litigation, even after trial and the entry of judgment."  *Arbaugh*

10  *v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

11      The party seeking removal bears the burden of establishing federal jurisdiction.  *Provincial*

12  *Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).  Where the

13  complaint does not specify the amount in controversy and it is unclear whether the plaintiff is

14  seeking more than the jurisdictional minimum, "the defendant bears the burden of actually proving

15  the facts to support jurisdiction, including the jurisdictional amount" by a preponderance of the

16  evidence.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).  "The removal statute is

17  strictly construed, and any doubt about the right of removal requires resolution in favor of

18  remand."  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009); 28 U.S.C.

19  § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject

20  matter jurisdiction, the case shall be remanded.").

21      The request for remand is untimely, the amount in controversy is below the jurisdictional

22  threshold, and the subject matter is solely based upon state law.

23

24      //

25

26      //

27

28

United States District Court
Northern District of California

2

**III.    CONCLUSION**

Based on the foregoing, the Court finds that Defendant, Jessy Exum and Does 1-5, inclusive, have failed to establish subject matter jurisdiction and remands the case to state court forthwith.

**IT IS SO ORDERED.**

Dated: May 4, 2024

_____
TRINA L. THOMPSON
United States District Judge